UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

JOSEPH WALKER, JR.                          CIVIL ACTION NO. 07-1581

VS.                                         SECTION P

BURL CAIN, WARDEN                           JUDGE DOHERTY

                                            MAGISTRATE JUDGE HILL

<u>REPORT AND RECOMMENDATION</u>

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner, Joseph Walker, Jr., on September 20, 2007.  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DOC), and is incarcerated at the Louisiana State Penitentiary, at Angola, Louisiana. Petitioner challenges his November 16, 1998 simple robbery conviction and enhanced 40 year sentence as a multiple offender, entered in the Sixteenth Judicial District Court for Iberia Parish. This matter has been referred to the undersigned Magistrate Judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

<u>BACKGROUND</u>

The procedural history of this case has been set forth in this court's previous Partial Report and Recommendation [rec. doc. 5] and, accordingly, need not be restated here.  By Partial Judgment dated March 10, 2008, all of petitioner's claims were dismissed with prejudice, except petitioner's claim that his counsel was ineffective

because she allowed the prosecution to use irrelevant "other crimes" evidence. [rec. doc. 13].  The State has filed an Answer and Memorandum in Opposition, to which the petitioner has filed a Reply. [rec. docs. 17, 18 and 19].  This Report and Recommendation follows.

The "other crimes" evidence at issue was the simple robbery of Sean Trahan, to which the defendant pled guilty on December 28, 1993. [tr. pg. 135].  That robbery was committed on June 29, 1993 at approximately 2:00 p.m. when petitioner approached Trahan in the New Iberia Wal-Mart parking lot saying "hey hey hey" to get Trahan's attention.  Petitioner then asked Trahan if he had jumper cables.  When Trahan responded that he did not have any jumper cables, petitioner asked if Trahan could give him a ride to his car.  Then, petitioner asked for money for gas, which made Trahan nervous because petitioner's story had changed.  Because Trahan felt threatened, Trahan decided to give petitioner a few dollars to get rid of him.  However, as Trahan opened his wallet, petitioner reached over, took all of the money from the wallet and ran away. [tr. pg. 131-135].

According to the testimony of the victim in this case, Jeremy Labiche, he was robbed in the parking lot of the New Iberia K-Mart between 2:00 and 2:15 p.m. in the afternoon on March 17, 1998. The robbery occurred when a man, identified by Labiche in court and at a pre-trial lineup as petitioner, walked toward him stating "hey, hey, hey" to get his attention.  The man then asked Labiche if he had any jumper cables.  Labiche

replied that he did not have jumper cables. Then the man changed his story, stating that

his car was broken down, not in the K-Mart parking lot as the man had originally stated,

but at the Omelet Shop; the man asked Labiche to take him there.  Next, the man asked

for some money for gas.  Labiche testified that he was getting "really nervous" and

"scared something was gonna happen", so he reached into his pocket to give the man "a

couple of bucks" to make him go away so that he, Labiche, could go about his business.

When Labiche had his money in his hand, the man grabbed it. The two struggled and,

after Labiche attempted to spray the man with mace, the man ran away with the money.

Labiche went across the street where he called 911.  [tr. pg. 58-61, 66-71].

At trial, defense counsel verified that petitioner's fingerprints were not found on

Labiche's truck.  [tr. pg. 106].  She also verified that the photographs placed in the

photographic line-up did not fit the description of the robber given by Labiche to the

police immediately after the crime. [tr. pg. 106-109; 77-79].  Moreover, although Labiche

testified that he attempted to spray the robber with mace, no mace was found on

petitioner's clothing. [tr. pg. 112-115, 125].

It is undisputed that a pre-trial *Prieur*[1] hearing was held to determine whether

evidence of petitioner's prior simple robbery conviction would be admissible at trial, and,

that, at that hearing, the testimony of Sean Trahan was presented. [*See* rec. doc. 1-3, pg.

22; tr. pg. 110, 112, 136-139].  The transcript of the *Prieur* hearing is not available,

---

[1] *State v. Prieur*, 277 So.2d 126 (La. 1973).

however, the trial transcript reveals that at the conclusion of the *Prieur* hearing, the court

held that this "other crimes" evidence was admissible. [tr. pg. 136].

The limited use of the "other crimes" evidence was addressed by counsel in *voir*

*dire* and in opening statements prior to the presentation of the evidence. During *voir dire*,

the prosecutor noted that the judge,

> . . . will read to you that evidence that the defendant was involved in the commission of an offense other than the offense for which he is on trial is to be considered only for a limited purpose.  The sole purpose for which such evidence may be considered is whether it tends to show guilty knowledge, absence of mistake or accident, intent, system, motive, or identity . . . I need to understand from you, you cannot make – just because he committed that crime . . . then he's guilty here.  If that's what you're going to do, then we need to know because its not proper for you to sit on this jury.  That is not what you can use that evidence for . . . . you can use it to make a decision as to guilty knowledge, absence of mistake, or it was an accident, his intent, his system, his motive, or whether or not it was him at all.  Those are the limited purposes for which you can use it  . . . .

[tr. pg. 35].

In his opening statement, the prosecutor again discussed the proper use of the

"other crimes" evidence, saying,

> . . . like we discussed in *voir dire*, you can weigh that evidence and compare it to the current incident to make a determination as to identity, mistake of fact, guilty knowledge. You cannot use it for the purpose of, 'well, if he did it here, he did it there.'  But you can use it to make a decision as to whether or not he knew what he was doing and whether or not it was him.

[tr. pg. 56].

Likewise, in *voir dire*, defense counsel advised the jurors on the proper use of the "other crimes" evidence telling the jurors that,

> . . . the state is going to put on evidence showing that Mr. Walker pled guilty to a simple robbery. Okay.  And the simple robbery was somewhat similar to the case that we are hearing.  I've got to make sure that none of you will listen to that evidence and say . . . 'he pled guilty to that one, so he must have done this one'. . . that's not the proper test you need to use for that evidence.  The judge is going to tell you how you can use that evidence.  But it's not necessarily to show that he is guilty of the crime that he is charged.  The state still has to . . . prove every element beyond a reasonable doubt . . . .

[tr. pg. 42].

During trial, defense counsel acknowledged at least one purpose for which the other crime evidence was permitted to be used.  During her questioning of Detective James Aman, responding to the prosecutor's argument that defense counsel had "opened the door" to additional "other crimes" evidence regarding petitioner's *modus operandi* (the state apparently had evidence that petitioner had committed additional simple robberies using the same *modus operandi*), defense counsel indicated that she had not "open[ed] up anything" because "that's [*modus operandi*] the purpose of the other crime coming in." [tr. pg. 109-112].

Further, after presentation of the "other crimes" evidence, the proper use of this evidence was again addressed by counsel during closing arguments.  The prosecutor again noted the evidence could be used to prove identity, but also noted that because the other crime was committed using the,

> . . . [s]ame M.O. . . .  You [the jurors] can also consider that, 'Oh, it wasn't a mistake.'  You can consider that evidence in his guilty plea whether or not

> what happened here was a lack of knowledge. [sic] Mistake of fact, an
> argument of, 'well, I didn't know he was intimidated. He gave me the
> money.'

[tr. pg. 146].


In response, during her closing, defense counsel argued that although petitioner

was at the scene of the crime, and that money had changed hands, petitioner didn't use

force or intimidation, but, rather, after Labiche gave petitioner the money, he (Labiche)

fabricated a robbery story to keep from getting in trouble with his employer, emphasizing

the lack of physical or eyewitness evidence of any struggle and the implausibility of

Labiche's testimony. [tr. pg. 146-148].

Finally, during a bench conference, while the court was charging the jury, the

prosecutor indicated that because his "offering of the other crimes evidence in Judge

DeMahy's ruling was to prove identity, lack of mistake, all of the 404-B requirements",

the proper charge was not one discussing impeachment of the defendant after he takes the

stand. [tr. pg. 155-156].

The court thereafter properly instructed the jurors that,

> . . . [e]vidence that the defendant was involved in the commission of an
> offense other than the offense for which he is on trial today is to be
> considered only for limited purposes. The sole purpose for which such
> evidence may be considered in this case is to show motive, opportunity,
> intent, preparation, plan, knowledge, identity. Remember, the accused is on
> trial only for the offense charged, simple robbery .... You may not find him
> guilty of this offense of simple robbery merely because he may have in the
> past been convicted of another offense.

[tr. pg. 158].

For the following reasons, the undersigned recommends that petitioner's sole remaining claim, that  his counsel was ineffective because she allowed the prosecution to use irrelevant "other crimes" evidence, be **DISMISSED WITH PREJUDICE**.

### LAW AND ANALYSIS

Petitioner contends that he received ineffective assistance of counsel because counsel allowed the prosecution to use irrelevant "other crimes" evidence, namely, the evidence regarding the June 29, 1993 simple robbery of Sean Trahan, at his trial for the simple robbery of Jeremy Labiche.  He asserts that the State used the evidence solely to show his identity as the person who robbed Labiche.  Petitioner asserts that because his identity was not at issue at trial, this evidence was not relevant.  Therefore, petitioner claims that his attorney was ineffective for failing to object to the admission of this evidence.  For the reasons set forth below, this claim lacks merit.

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).  The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. *Strickland'*s prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.[2] A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) *citing Strickland,* 104 S.Ct. at 2068. Petitioner must satisfy both prongs of *Strickland,* demonstrating both that counsel's  performance was deficient and that the deficiency prejudiced the defense.  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Green v. Johnson,* 160 F.3d 1029, 1035-36 (5th Cir. 1998).

Federal courts will not grant *habeas* relief for errors in a trial court's evidentiary rulings unless those errors result in a "denial of fundamental fairness" under the Due Process Clause.  *Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998) *citing Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir.1983), *cert. denied*, 466 U.S. 984, 104 S.Ct. 2367, 80 L.Ed.2d 838 (1984). The erroneous admission of prejudicial evidence will justify *habeas* relief only if the admission was a crucial, highly significant factor in the defendant's conviction. *Id.*

---

[2] The *Strickland* court outlined the extent of prejudice that must be established by the defendant:

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment.  *Cf. United States .v Morrison,* 449 U.S. 361, 364-65 (1981).

> Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability exists if the probability is sufficient to undermine confidence in the outcome.

> When a defendant challenges a conviction , the question is whether there is reasonable probability that absent the errors the fact-finder would have a reasonable doubt respecting guilt.

*Strickland, supra*, at pages 691-692.

Here, the trial court committed no error, much less any error creating fundamental unfairness. Like its federal counterpart, Louisiana Code of Evidence article 404(B) generally prohibits the use of "other crimes" evidence to prove the character of the defendant; however, such evidence is admissible if it is relevant to an issue other than the defendant's bad character.  *State v. Jackson*, 625 So.2d 146, 148-149 (La. 1993). Permissible uses are to show "opportunity, intent, preparation, plan, knowledge, identity, [and] absence of mistake or accident . . . ."  L.C.E. art. 404(B).

Here, evidence that petitioner had committed a factually similar crime was relevant to show not only petitioner's identity (which petitioner claims was not at issue), but also to show petitioner's plan, absence of mistake or accident and his intent to use force or intimidation to take money from his victim, an element of the charged offense.

Contrary to petitioner's allegations, a review of the prosecutor's and defense counsel's questioning and arguments reveal that this evidence was relevant to several disputed issues in this case other than petitioner's identity.  The State was required to prove that petitioner committed the crime at issue by intentionally taking Labiche's money by force or intimidation, as opposed to taking the money under the mistaken belief that it was being given to him voluntarily.  Thus, petitioner's lack of accident or mistake and intent were at issue.  Petitioner's intent, lack of accident or mistake, and his plan of how to commit the charged crime were also at issue, as evidenced by his signature *modus operandi* of approaching individuals in store parking lots, asking for jumper cables and

then money, and then, as the victim attempted to give a small sum, intentionally taking

more than the individual intended to give by snatching all the money available.

Therefore, the "other crimes" evidence was admissible in the State's case.

While petitioner relies on a pre-trial unsigned letter he wrote to Assistant District

Attorney Bud Lee in which he admits that he had received money from Labiche as

evidence that his identity was not at issue, that letter nevertheless squarely places

petitioner's intent to take money by force or intimidation, and his lack of mistake, at

issue.  In his letter, petitioner unambiguously wrote that he "assumed [Labiche] was

giving [him] the money" and that he did not force or demand anything[3]. [tr. pg. 102-105].

Further, contrary to petitioner's allegations herein, the record reveals that the

"other crimes" evidence was admitted for a purpose other than to merely prove

petitioner's identity.  During her questioning of Detective James Aman, who testified

---

[3]Further, despite petitioner's letter and contrary to petitioner's allegations, it is clear that
petitioner's identity was at issue.  In her opening statement, defense counsel told the jurors to pay close
attention to the description of the defendant that the victim gave to police, about what the crime lab
found and what the police officer found when he took fingerprints. [tr. pg. 57].  She then proceeded to
challenge the victim's description of the robber in her cross examination of Labiche and Detective Aman.
[tr. pg. 77-79; 106-109].  Moreover, she emphasized that petitioner's fingerprints were not found at the
scene and that no mace was detected on petitioner's clothing by the crime lab, further suggesting that the
robber was not in fact petitioner. [tr. pg. 106, 125-127].  Defense counsel did not concede that issue until
she presented her closing argument. [tr. pg. 147].

Moreover, while questioning Detective Aman, defense counsel sought to discredit the detective
for placing  photographs of petitioner and others  in the photographic line-up because the photographs
didn't fit the victim's description of the robber. Contrary to petitioner's argument herein, this questioning
clearly placed petitioner's identity at issue.  In response, Detective Aman said that he had placed
petitioner's photograph in the line-up because his captain was familiar with Walker's *modus operandi,*
and, after talking with the victim and hearing the facts of the robbery, he suggested that Walker's
photograph be placed in the line-up. [tr. pg. 108-109].

before Sean Trahan, in opposition to the State's argument that she had "opened the door" to "other crimes" evidence, defense counsel acknowledged that at least one purpose of the admission of the "other crimes" evidence was to show petitioner's plan or *modus operandi*, which was well known to the police, given petitioner's prior simple robbery conviction. [tr. pg. 109-112].

Thus, the undersigned finds that the State did not introduce evidence of petitioner's prior simple robbery conviction solely to prove Walker's identity.  Rather, the evidence was relevant to other issues for which the "other crimes" evidence was admissible.  As such, this evidence was properly admitted.

Since the undersigned has determined that no error occurred in the admission of this evidence, Walker's ineffective assistance of counsel claim must fail.  Petitioner complains that his counsel should have objected to the allegedly improper admission of this other crime evidence.  However, because the "other crimes" evidence was properly admitted, petitioner's counsel did not fall below the level of objective reasonableness when she allegedly failed to object to this testimony.  *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) *citing Green*, 160 F.3d at 1037 ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness...."); *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) *citing Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir.1990) ("This Court has made clear that counsel is not required to make futile motions or objections.").  Walker has failed to establish the

first prong of *Strickland*.  *Habeas* relief is therefore not warranted.[4]

Moreover, even if this court could find that counsel's performance was deficient, based on her alleged failure to object to this evidence, petitioner nevertheless has failed to demonstrate that he suffered any prejudice from the alleged deficiency.   Even without admission of the "other crimes" evidence, there was overwhelming evidence to support petitioner's conviction.

The victim, Labiche, testified that his money was intentionally taken by force and intimidation.  Labiche twice identified petitioner as the person who robbed him, once in the pre-trial photographic line-up and again at trial.  This testimony, which was obviously accepted by the jury, was, in and of itself, sufficient for the jury to return a guilty verdict.  Thus, even if counsel had objected, and had been successful in keeping the "other crimes" evidence from the jury, petitioner cannot demonstrate that there is a reasonable probability that the result of the trial would have been different, much less a probability sufficient to undermine confidence in the outcome.  Accordingly, the second prong of *Strickland* is not satisfied, making federal *habeas* relief unavailable to petitioner.

For the reasons set forth above;

---

[4]Since the transcript of the *Prieur* hearing is not available, whether defense counsel, *in fact*, objected to the evidence is unknown.  Given the finding that the evidence was admissible, it is not necessary to the determination of this claim to know whether or not an objection was made

**IT IS RECOMMENDED** that petitioner's sole remaining claim, that his counsel was ineffective because she allowed the prosecution to use irrelevant other crime evidence, be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 11th day of  June, 2008.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE